**STATE of Iowa, Appellee,**

v.

**Beri NUNGESSER, Appellant.**

**No. 60686.**

Supreme Court of Iowa.

Aug. 30, 1978.

James R. Norris, of Claassen, Kruter, Ibeling & Wenzel, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., and Jared O. Bauch, County Atty., for appellee.

HARRIS, Justice.

In this postconviction proceeding the petitioner challenges the prior proceeding in which his parole was revoked. He complains that he received no notice of the revocation hearing and consequently was denied the right of confrontation. We affirm the trial court's dismissal of the petition.

Beri Nungesser was convicted by his guilty plea of false drawing of a check in excess of $20 in violation of § 713.3, The Code, 1973. He was thereupon sentenced for an indeterminate seven-year term at the men's reformatory. Sentence was suspended and petitioner was paroled to the Iowa bureau of adult corrections.

A hearing was set for November 22, 1974, with notice prescribed, on the State's application to revoke Nungesser's parole. Notice was attempted, as ordered, by certified mail. Nungesser had left the state, did not receive the notice, and did not appear at the hearing. Another notice was sent to and received by the lawyer who had been representing Nungesser. The lawyer reported he did not know Nungesser's whereabouts and refused to appear in his absence.

At the November 22 hearing the State offered ample evidence to support revocation. A parole officer testified of Nungesser's various violations and of his admission to the witness of those violations. The witness also testified that after she confronted Nungesser about his parole violations she no longer could learn his whereabouts. Absenting himself from his parole officer was a further parole violation by Nungesser.

Although Nungesser now wishes to contest some of the testimony offered in his absence at the November 22 hearing, he did not seek to do so in the trial court. Nungesser filed three pleadings in this postconviction proceeding: his petition; a resistance to the trial court's notice that it intended to dismiss these proceedings; and an amendment to this resistance. Petitioner has never alleged he had permission to absent himself from his parole officers. More importantly he has never, by pleading or otherwise, refuted either (1) the State's claim he violated parole, or (2) the State's contention he made service on himself impossible by disappearing after the admissions to his parole officer.

There is an indication Nungesser disappeared because he expected the application to revoke his parole. This was not the State's first attempt to revoke the parole. Nungesser had appeared at a hearing on an earlier application for revocation. The earlier application was denied and defendant's parole was continued. His denial that he actually received the notice stands on nothing more than a claim he successfully avoided it.

■ I. Under these circumstances there was no violation of Nungesser's due process rights as delineated in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

We do not wish to be understood as suggesting that notice requirements under the due process clause may be ignored merely because an accused is difficult to find. The due process right of an accused to a reasonable notice differs in many respects from the right of confrontation under the United States Constitution's Sixth Amendment. It is nevertheless true, as the petitioner contends, that adequate notice would in this case necessarily precede any practical chance for Nungesser to confront his witnesses.

■ The right to confront witnesses, however, can be waived by voluntary absence. The right even to be personally present at trial may be waived. *Illinois v. Allen*, 397 U.S. 337, 342, 90 S.Ct. 1057, 1060, 25 L.Ed.2d 353, 358 (1970); *State v. Blackwell*, 238 N.W.2d 131, 135 (Iowa 1976); *State v. Johnson*, 243 N.W.2d 598, 603 (Iowa 1976); 1 C. Antieau: Modern Constitutional Law, § 5:78 (1969). We believe the right to a required notice may be similarly waived.

In *Thomas v. State Board of Parole*, 220 N.W.2d 874, 877–879 (Iowa 1974) we acknowledged the right of confrontation at revocation proceedings. Nevertheless we held a parolee must request production of those persons he desires present for confrontation. In *Thomas* the parolee could not claim he was deprived of his right of confrontation when he failed to make the request.

On this record we believe Nungesser complains of a self-inflicted wound. To whatever extent he could not confront his witnesses the inability resulted, not from any failure by the State, but from his deliberate and willful absence.

AFFIRMED.

All Justices concur except ALLBEE and McGIVERIN, JJ., who take no part.